IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL D. LONG | § | Case No. 23-41586 |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| CENTURY RECOVERY, LLC AS | § | |
| ASSIGNEE OF PROGRESS SOLAR | § | |
| SOLUTIONS, LLC and | § | |
| DANIEL L. ROBERTSON | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 23-04090 |
| | § | |
| MICHAEL D. LONG | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION

On this date the Court considered the "Motion for Summary Judgment and Brief in Support" (the "Motion") filed by Century Recovery, LLC, as assignee of Progress Solar Solutions, LLC, and Daniel Robertson, (together "Plaintiffs") on November 19, 2024, together with the related Response filed by Michael D. Long ("Defendant" or "Debtor") on January 2, 2025, the Reply filed by Plaintiffs on January 30, 2025, and the Sur-Reply filed by Defendant on February 22, 2025.

Plaintiffs ask this Court for a summary judgment finding that the prepetition judgment debt owed them by Defendant is nondischargeable under 11 U.S.C. § 523(a)(6) for willful and malicious injury.  After consideration of the pleadings, proper summary judgment evidence, and the relevant legal authorities the Court concludes that genuine issues of material fact remain.  For the reasons explained in this memorandum, Plaintiffs' Motion is **DENIED**.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).  This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (I), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II.  Facts and Procedure[1]

Plaintiff, Century Recovery, LLC, as assignee of Progress Solar Solutions, LLC is a limited liability company organized and exists under the laws of the State of Utah. Plaintiff, Daniel Robertson, is the corporate manager of Progress Solar Solutions, LLC. Defendant, Michael Long, is an individual residing in Collin County, Texas.  Progress Solar Solutions, LLC ("Progress Solar") is a North Carolina limited liability company

---

[1] These facts are presented only as a general factual background to the legal claims asserted in the case.  This section is not intended to resolve any disputed or contested facts.

formed in 2008.  Progress Solar's business is the manufacture of portable light towers

powered by solar, wind, or hybrid energy.

Progress Solar had a business relationship with Defendant in which he gained

access to Progress Solar's proprietary business information and saw deposits from its

military customers.  Progress Solar alleges that Defendant used this proprietary

information to secretly compete with Progress Solar.  Progress Solar discovered

Defendant's dealings because its representative, Dan Robertson, received an email on

June 14, 2016 from a military contractor asking for bids on Progress Solar's light towers

and Defendant's competing company's light towers.  Their business relationship ended in

July, 2016, after which Progress Solar alleged it lots multiple purchase orders totaling

approximately $15 million due to Defendant's actions.

Progress Solar eventually brought two suits in the United States District Court for

the Eastern District of North Carolina ("North Carolina District Court") under various

theories, which suits were later consolidated into a single case.  Defendant was a party to

these cases.  On August 12, 2021, the North Carolina District Court entered an order for

partial summary judgment as to liability in favor of Progress Solar and against

Defendant.[2]  A year later on August 30, 2022, the North Carolina District Court entered a

second order setting damages and imposing injunctive relief.[3]  The North Carolina

---

[2] Ex. C.

[3] Ex. A.

District Court relied on a "Statement of Undisputed Material Facts Supporting Plaintiffs' Summary Judgment Motion" filed by Progress Solar (the "Statement of Material Facts") which it "deemed admitted." Progress Solar was awarded damages of $17,898,408.00, and all defendants were enjoined from competing with Progress Solar.[4]

On March 3, 2023, Progress Solar and Dan Robertson assigned the judgment to Plaintiff, Century Recovery. After Century Recovery attempted to enforce the judgment against Defendant, he filed a voluntary petition for relief under Chapter 7 in this Court on August 31, 2023 (the "Main Case").[5] Plaintiffs filed this nondischargeability adversary proceeding on November 20, 2023.[6] After discovery, Plaintiffs filed this Motion on November 19, 2024.[7] Defendant objected,[8] Plaintiffs replied,[9] and Defendant filed a sur-reply.[10]

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

---

[4] *Id.*

[5] Case No. 23-41586, ECF No. 1.

[6] Compl., ECF No. 1.

[7] ECF No. 18.

[8] ECF No. 22.

[9] ECF No. 26.

[10] ECF No. 30.

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986)

(quoting FED. R. CIV. P. 56(c)).  Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 so

as to apply to adversary proceedings.  Thus, if summary judgment is appropriate, the

Court may resolve the case as a matter of law.

  The moving party always bears the initial responsibility of informing the court of

the basis for its motion and producing evidence which it believes demonstrates the

absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The manner in

which the necessary summary judgment showing can be made depends upon which party

will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077

n.16 (5th Cir. 1994).  "A fact is material only if its resolution would affect the outcome of

the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009);

*see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).  "All

reasonable inferences must be viewed in the light most favorable" to the nonmoving

party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana

Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus.

Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  An actual controversy of fact

exists where both parties have submitted evidence of contradictory facts.

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc*., 485 F.3d 253, 261 (5th Cir. 2007). The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id*. at 587.

## IV. Discussion

Plaintiffs' Motion relies on the doctrine of collateral estoppel, and alleges "the Court must give preclusive effect to 1) the Statement of Material Facts filed on February

-6-

26, 2021 in [] the Judgment Case attached hereto as Exhibit D and 2) the North Carolina

Judgment which determined that Long's actions were willful and malicious as part of its

determination of the tortious interference cause of action."[11]  Defendant disputes that

collateral estoppel should be applied.

Collateral estoppel, also called issue preclusion, is a relevant doctrine where

factual issues in a case may have been determined in a prior case.  Applying the doctrine

means if "an issue of ultimate fact has been determined by a valid and final judgment, that

issue cannot again be litigated between the same parties in any future lawsuit."  *Simmons*

*v. Bohana (In re Bohanna)*, Adv. No. 18-4065, 2019 WL 7580173 at *9 (Bankr. E.D.

Tex. Nov. 15, 2019) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).  In the context

of bankruptcy dischargeability cases, "parties may invoke collateral estoppel in certain

circumstances to bar relitigation of issues relevant to dischargeability."[12]  *Simmons*, 2019

WL 7580173, at *9 (quoting *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir.

2005)).  "While the doctrine of issue preclusion applies in bankruptcy dischargeability

litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is

dischargeable."  *Simmons*, 2019 WL 7580173, at *10 (citing *Grogan v. Garner*, 498 U.S.

279, 284 n. 11 (1991)); *In re Huffman*, No. 16-10344, 2017 WL 4621703, at *5 (Bankr.

---

[11] Mot., 17, ECF No. 18.

[12] While *Brown v. Felsen* concerned res judicata, the Supreme Court noted that if a state court, "[i]n the course of adjudicating a state-law question," determines "factual issues using standards identical to those of [§ 523], then collateral estoppel...would bar relitigation of those issues in the bankruptcy court."  *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979).

E.D. Tex. Oct. 13, 2017); *Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255 (5th Cir. 1984).  The Fifth Circuit has previously stated that "the determination of whether a debt is nondischargeable under [§ 523] has been a matter of federal bankruptcy law, not state law." *Matter of Dennis*, 25 F.3d 274, 277 (5th Cir. 1994).  The Fifth Circuit has noted that it is only in "limited circumstances" that "bankruptcy courts [may] defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues." *Id*. at 278.

Federal courts apply the preclusion law of the court that rendered the judgment. *Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998), *cert. denied*, 526 U.S. 1016 (1999) (citing 28 U.S.C. § 1738 (full faith and credit statute)); *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) (additional citations omitted).  "If collateral estoppel applies, any relevant factual findings (i.e., related to the required elements for nondischargeability) regarding the actions of the [Defendant] in this common set of operative facts upon which the state court judgment is based should not be disturbed here." *Short v. Long (In re Long)*, No. 17-60401, 2018 WL 1577894, at *3 (Bankr. E.D. Tex. Mar. 28, 2018).  Rather, "[t]he Court applies those findings to the required elements for nondischargeability to ascertain what factual issues, if any, remain." *Id*.

Because the pertinent judgment was entered in a United States District Court, this Court applies federal collateral estoppel principles concerning issue preclusion.

-8-

*Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664-65 (5th Cir. 1994).

Federal "[c]ollateral estoppel depends on three elements: (1) the issue at stake must be

identical to the one involved in the prior action; (2) the issue must have been actually

litigated in the prior action; and (3) the determination of the issue in the prior action must

have been a necessary part of the judgment in that earlier action." *RecoverEdge L.P. v.

Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (overruled on other grounds); see also *In re

Huffman*, No. 16-10344, 2017 WL 4621703, at *6 (Bankr. E.D. Tex. Oct. 13, 2017),

citing *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925,

932 (5th Cir.), *cert denied*, 527 U.S. 1004 (1999). "An important aspect of determining

whether a previously litigated matter has collateral estoppel effect is the identity of that

matter with the issue currently before the court." *Brister v. A.W.I., Inc.*, 946 F.2d 350,

354 (5th Cir. 1991). "Not only the facts, but also the legal standard used to assess them,

must be identical." *Id.* at 354 n. 1.

The Motion concerns a claim under 11 U.S.C. § 523(a)(6) for nondischargeability

due to willful and malicious injury. The prior litigation in which Plaintiffs' judgment was

obtained arose from two separate cases that were consolidated.[13] One of these

consolidated cases was originally filed in state court in North Carolina, and later moved to

North Carolina District Court.[14] In this first "2017 lawsuit" Plaintiffs alleged thirteen

---

[13] Ex. B.

[14] *Id.*

-9-

causes of action including breach of contract, trade secret misappropriation under federal,

North Carolina, and Texas law,  unfair and deceptive trade practices under North Carolina

law, unfair competition, tortious interference with business relationships, false

advertising, false association, civil conspiracy, disgorgement of profits, unjust

enrichment, and for injunctive relief.  The second of the consolidated cases was originally

filed in the North Carolina District Court.[15]  In this second "2019 lawsuit" Plaintiffs

alleged seven causes of action including breach of confidentiality agreement, trade secret

misappropriation under federal, North Carolina, and Texas law, civil conspiracy, unjust

enrichment, and disgorgement of profits.[16]  Plaintiffs' judgment was awarded on certain

claims from the 2017 lawsuit including, importantly, tortious interference with business

relationships.[17]

Plaintiffs argue this Court should find that the elements of a claim under 11 U.S.C.

§ 523(a)(6) are the same as for a claim of tortious interference with business relationships

under North Carolina law.  The elements under North Carolina law for proving a claim of

tortious interference with business relationships are as follows:

> As for Dalton's claim against Camp and MCC for tortious interference with
> prospective advantage, this Court has held that "interfere[nce] with a man's
> business, trade or occupation by maliciously inducing a person not to enter
> a contract with a third person, which he would have entered into but for the

---

[15] *Id.*

[16] *Id.*

[17] Ex. C.

-10-

> interference, is actionable if damage proximately ensues." *Spartan Equip.
> Co. v. Air Placement Equip. Co.*, 263 N.C. 549, 559, 140 S.E.2d 3, 11
> (1965); *see also Cameron v. New Hanover Mem'l Hosp., Inc.*, 58 N.C.App.
> 414, 440, 293 S.E.2d 901, 917 (affirming view that plaintiff must show that
> contract would have ensued but for defendant's interference), *appeal
> dismissed and disc. rev. denied*, 307 N.C. 127, 297 S.E.2d 399 (1982).

*Dalton v. Camp*, 353 N.C. 647, 654, 548 S.E.2d 704, 709 (2001).  Another court

described the cause of action as follows:

> "Similarly, "to interfere with a [person's] business, trade or occupation by
> maliciously inducing a person not to enter into a contract with a third
> person, which he would have entered into but for the interference, is
> actionable if damage proximately ensues." *Spartan Equip. Co. v. Air
> Placement Equip. Co.*, 263 N.C. 549, 559, 140 S.E.2d 3 (1965). Two
> essential elements of a tortious interference with prospective business
> relationships claim are the "intervenor's inducement of a third party and a
> showing that a contract would have ensued." *Dalton v. Camp*, 353 N.C.
> 647, 655, 548 S.E.2d 704 (2001). "[A] plaintiff must produce evidence that
> a contract would have resulted but for a defendant's malicious intervention."
> *Beverage Sys. of the Carolinas, LLC v. Associated Beverage Repair, LLC*,
> 368 N.C. 693, 701, 784 S.E.2d 457 (2016). "The term 'malice' is used in this
> connection in its legal sense[] and denotes the intentional doing of the
> harmful act without legal justification." *Childress v. Abeles*, 240 N.C. 667,
> 675, 84 S.E.2d 176 (1954).…"

*Gen. Nutrition Corp. v. Nutrition Zone Franchising, Inc.*, No. 5:18-CV-580-FL, 2019

U.S. Dist. LEXIS 186780, at *7, 2019 WL 5581707, at *3 (E.D.N.C. 2019).  Thus, to

prove tortious interference with business relationships under North Carolina law, one

must prove the "harmful act" was intentional to satisfy the malice element.

Debts arising "from willful and malicious injury by the debtor to another entity or

the property of another entity" are nondischargeable in bankruptcy court.  11 U.S.C. §

523(a)(6).  Under this statute for an injury to be "willful," it must be "a deliberate or

intentional injury, not merely a deliberate or intentional act that leads to injury."

*Kawaauhu v. Geiger*, 523 U.S. 57, 61-62 (1998). Thus, reckless or negligent conduct by

a debtor leading to an injury is insufficient. *Id*. at 64. This means that section 523(a)(6)

"applies to 'acts done with the actual intent to cause injury,' but excludes intentional acts

that cause injury." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th

Cir. 2003) (quoting *Kawaauhau*, 523 U.S. at 61). Thus, unlike tortious intereference with

a business relationship under North Carolina law, section 523(a)(6) requires a showing

that the *harm* caused by the "harmful act" was intentional, not just that the act itself was

intentional. *In re Smith*, 659 B.R. 500, 510 (Bankr. E.D. Tex. 2024).

This difference means the underlying legal standards are not identical. To find that

the *harm* caused by a "harmful act" was intentional, section 523(a)(6) requires either: (1)

objective substantial certainty of injury; or (2) subjective motive to cause harm. *See*

*Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998). The

objective standard is met when a court finds that a debtor intentionally took action(s) that

necessarily caused, or were substantially certain to cause the injury. *Rainey v. Davenport*

*(In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006). Under the subjective test,

a court must find that the debtor intended the actual injury that resulted. *Id*. The

objective standard recognizes "the evidentiary reality that defendants rarely admit

malicious intent." *Yu v. Lau (In re Lau)*, No. 11-40284, 2013 WL 2476359, at *7 (Bankr.

E.D. Tex. May 28, 2013). Thus, a court must analyze from a reasonable person's

-12-

perspective "whether the defendant's actions were substantially certain to cause harm,

[and] are such that the court ought to infer that the debtor's subjective intent was to inflict

a willful and malicious injury on the plaintiff." *Boyle v. Berkenbile (In re Berkenbile)*,

No. 12-41969, 2014 WL 797743, at *9 (Bankr. E.D. Tex. Feb. 27, 2014) (citing *Mann

Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009)

(citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361-62 (5th Cir.

2007)). "Substantial certainty does not mean absolute certainty, but it must be something

more than a high probability." *In re Jones*, 655 B.R. 884, 894 (Bankr. S.D. Tex. 2023).

Because the legal standards are not identical, this Court cannot apply collateral estoppel

to find that the judgment is nondischargeable under section 523(a)(6). Plaintiffs have not

made a sufficient showing as to whether Defendant had subjective or object intent to

cause harm such that genuine issues of material fact exist and the Motion must be denied

as to 11 U.S.C. § 523(a)(6).

However, numerous facts were found by the North Carolina District Court

sufficient for this Court to apply collateral estoppel as to those *factual findings* for

purposes of determining dischargeability at trial. The partial summary judgment order

states that the North Carolina District Court relied upon the Statement of Material Facts.[18]

Defendant responded in some form to this Statement of Material Facts, but the North

Carolina District Court found Defendant's response failed to comply with E.D.N.C. Civ.

---

[18] *Id.*; see also Ex. D.

R. 56.1(a)(2).[19]  As a result the factual allegations contained in the Statement of Material

Facts were deemed admitted.[20]  Defendant failed to respond to a subsequent motion, and

the North Carolina District Court's later entered its second order which set the amount of

damages awarded and imposed injunctive relief.[21]  In doing so the North Carolina District

Court again relied on the Statement of Material Facts deemed admitted pursuant to

E.D.N.C. Civ. R. 56.1.[22]  Plaintiffs urge this Court to find the requisite intent by applying

collateral estoppel to these fact determinations.  Defendant argues this Court should not

rely on the Statement of Material Facts at all because it does not meet the "actually

litigated" requirement for application of collateral estoppel.

This Court finds that the determination of the North Carolina District Court

finding the facts contained in the Statement of Material Facts through operation of

E.D.N.C. 56.1 meets the "actually litigated" requirement of federal collateral estoppel.  It

is true that "[fe]deral courts have refused to apply collateral estoppel to deemed

---

[19] E.D.N.C. Civ. R. 56.1(a)(2) states:

> **Opposing Statement.** The memorandum opposing a motion for summary judgment shall
> be supported by a separate statement that includes a response to each numbered
> paragraph in the movant's statement in correspondingly numbered paragraphs and, if
> necessary, additional paragraphs containing a statement of additional material facts as to
> which the opposing party contends there is a genuine dispute. Each numbered paragraph
> in the movant's statement of material facts will be deemed admitted for purposes of the
> motion unless it is specifically controverted by a correspondingly numbered paragraph in
> the opposing statement.

[20] Ex. C.

[21] Ex. E.

[22] *Id.*

admissions under Federal Rule of Civil Procedure 36(b)." *Shaban v. Hertz Corp.*, No.
CV H-19-0987, 2020 WL 2544757, at *4 (S.D. Tex. May 19, 2020). "A prior court's
determination of an issue cannot satisfy the 'fully and fairly litigated' requirement for
collateral estoppel if it is based on admissions and may not be used in subsequent
proceedings." *Id.* However, Fed. R. Civ. P. 36(b) states that "[a]n admission under this
rule is not an admission for any other purpose and cannot be used against the party in any
other proceeding."[23] See also *Bevill v. City of Quitman*, Tex., No. 4:19-CV-00406, 2022
WL 14318439, at *4 (E.D. Tex. Oct. 24, 2022) (explaining the operation of Fed. R. Civ.
P. 36). However, the North Carolina District Court did not utilize Fed. R. Civ. P. 36 to
find the Statement of Material Facts admitted.

Instead, the North Carolina District Court applied E.D.N.C. Civ. R. 56.1. This rule
is similar in wording and concept to our Local District Court Rule CV-56, which LBR
7056(d) incorporates.[24] These two rules operate differently than Fed. R. Civ. P. 36 by

---

[23] Rule 36 is incorporated into this adversary by Fed. R. Bankr. P. 7036.

[24] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed
Material Facts and to support such a statement with "appropriate citations to proper summary judgment
evidence." It directs a respondent to ensure that any response "should be supported by appropriate
citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule
states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts
> as claimed and supported by admissible evidence by the moving party are admitted to exist
> without controversy, except to the extent that such facts are controverted in the response filed in
> opposition to the motion, as supported by proper summary judgment evidence. The court will
> not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to
support such a challenge by references to proper summary judgment evidence, results in the facts as

-15-

requiring a response to factual allegations supported by proper summary judgment evidence. Under either local rule if there is no response, or a non-compliant response, then the presiding Court may find admitted those facts which are uncontroverted and supported by proper summary judgment evidence.

Judicial determination of facts by operation of E.D.N.C. Civ. R. 56.1, the same as by our Local District Court Rule CV-56, is sufficient to satisfy the "actually litigated" requirement of collateral estoppel. "As a general rule, an issue is 'actually litigated' only when it is properly raised by the pleadings, submitted for a determination, and actually determined.…" *Santopadre v. Pelican Homestead & Sav. Ass'n*, 937 F.2d 268, 273 (5th Cir. 1991), quoting *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459-60 (5th Cir.), *cert. denied*, 404 U.S. 940 (1971)*; see also Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1203 (5th Cir. 1996); *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 272 (5th Cir. 2005); *In re Reddy Ice Holdings, Inc.*, 611 B.R. 802, 810 (Bankr. N.D. Tex. 2020). Here, the facts contained in the Statement of Material Facts were raised in the pleadings, submitted for determination to the North Carolina District Court, and actually determined. If all other applicable collateral estoppel requirements are met as to these facts, which the Court finds to be the case, then it may and does apply collateral estoppel to determine the same facts listed in the Statement of Material Facts. These facts

---

claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

-16-

alone are not, however, sufficient to support a summary judgment of nondischargeability

under section 523(a)(6).  For this reason, the Motion must be denied.

### V.  Conclusion

Based upon the Court's consideration of the pleadings, the proper summary

judgment evidence submitted therewith, the relevant legal authorities, and for the reasons

set forth herein, the Court concludes that the "Motion for Summary Judgment and Brief in

Support" filed by Plaintiff, Century Recovery LLC, is denied.  Plaintiffs failed to

demonstrate their entitlement to judgment as a matter of law regarding their cause of

action for non-dischargeability under 11 U.S.C. § 523(a)(6) in its "Amended

Complaint."[25]  Therefore, these claims must be determined through a trial on the merits.

However, all facts previously determined by the North Carolina District Court as set out

in the Statement of Material Facts attached as Exhibit D to the Motion are found and

determined in this proceeding through application of collateral estoppel.

An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 8/5/2025

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[25] ECF No. 11.